UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRYAN PHILLIP JOSEPH TUGGLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04055-TWP-TAB ) |
| PENDLETON CORRECTIONAL FACILITY, et al. | ) ) ) ) |
| Defendants. | ) |

**Order Screening Amended Complaint, Dismissing Action, and Directing Final Judgment**

Plaintiff Bryan Phillip Joseph Tuggle filed this 42 U.S.C. § 1983 action alleging that the defendants fired him from his prison job without due process. The Court screened and dismissed his original complaint, dkt. 9, and Mr. Thompson has filed an amended complaint that is now subject to screening.

**I. Screening Standard**

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Amended Complaint**

Mr. Tuggle is an inmate at Pendleton Correctional Facility. The amended complaint alleges that the defendants—(1) Dushan Zatecky, (2) Christine Cook, and (3) Aaron Smith—failed to provide him due process in a disciplinary hearing. He further alleges that prison staff improperly denied his grievances complaining about the lack of process. He seeks $15,000 in damages.

## III. Discussion

Mr. Tuggle's claims that he was denied due process at a disciplinary hearing are **dismissed for failure to state a claim upon which relief can be granted**. The Fourteenth Amendment's Due Process Clause applies when a state deprives a person "of life, liberty, or property." Mr. Tuggle does not allege that he was deprived of life, liberty, or property as a result of the allegedly defective disciplinary proceedings.[1]

Mr. Tuggle's grievance-related claims are also **dismissed for failure to state a claim upon which relief can be granted**. "[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016).

## IV. Conclusion

This action is **dismissed for failure to state a claim upon which relief can be granted.** 28 U.S.C. § 1915A(b)(1). Final judgment consistent with this Order shall now issue.

Because the action has been dismissed for failure to state a claim, Mr. Tuggle is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Date: 12/12/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Mr. Tuggle suggested in his original complaint that he lost his prison job because of the disciplinary proceedings. Dkt. 2 at 4 (asking to be "reinstated as a kitchen worker"). But he has no liberty interest in a prison job. *See Starry v. Oshkosh Corr. Inst.*, 731 Fed. App'x 517, 518 (7th Cir. 2018) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)).

Distribution:

BRYAN PHILLIP JOSEPH TUGGLE
121458
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only